KIRSCH-GOODWIN & KIRSCH, PLLC
8900 E. PINNACLE PEAK ROAD, SUITE 250
SCOTTSDALE, ARIZONA 85255
(480) 585-0600
FAX (480) 585-0622
Lori Kirsch-Goodwin, #016233
lkg@kgklaw.com
Courtney A. Fligeltaub, #023210
courtney@kgklaw.com
ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MICHAEL AND CHRISTINA LASPINA, on behalf of their minor child, A.L., <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, an Indiana For-Profit Corporation; ANTHEM UM SERVICES, INC., an Indiana For-Profit Corporation; JOHN AND JANE DOES I-X; BLACK PARTNERSHIPS I-X; WHITE CORPORATIONS I-X; GREEN LIMITED LIABILITY COMPANIES I-X, <br><br> Defendants. | NO. <br><br> **COMPLAINT** |

Plaintiffs, Michael and Christina LaSpina, ("Plaintiffs") on behalf of their minor child A.L, through their counsel undersigned, for their claims against Defendants, Anthem Blue Cross Life and Health Insurance Company ("Defendant Anthem Blue Cross Life") and Defendant Anthem UM Services, Inc. ("Defendant Anthem UM") hereby allege as follows:

## I. JURISDICTION

1. Plaintiffs are residents of Maricopa County, Arizona and reside in this District.

2. Upon information and belief, Defendant Anthem Blue Cross Life is an Indiana for-profit corporation, doing business in the State of California.

3. Upon information and belief Defendant Anthem UM is an Indiana for-profit corporation, doing business in the State of Arizona.

4. John and Jane Does I-X, Black Partnerships I-X, White Corporations I-X, and Green Limited Liability Companies I-X are individuals, partnerships, corporations and limited liability companies associated with Defendants.  Plaintiffs will amend this Complaint to reflect the true names and identities of such individuals, partnerships, corporations, and limited liability companies as such names become known.

5. Jurisdiction is proper in this Court under 29 U.S.C. §1132(e)(1) and (f).

6. Venue is proper in this District under 29 U.S.C. §1132(e)(2).

## II. THE PARTIES

7. Plaintiffs reallege the allegations contained in paragraphs 1 through 6 of the Complaint and incorporate them as if fully set forth herein.

8. Plaintiffs are and were, at all relevant times, participants or beneficiaries, within the meaning of the Employment Retirement Income Security Act of 1974 ("ERISA").

9. Plaintiffs are the parents and legal guardian of a minor child ("A.L.").

10. A.L. suffers from a condition known as autism.

11. The minor child is insured as a dependent under a Self-Funded Employee Benefit Anthem Blue Cross Health Care Plan  ("the Plan") provided by Plaintiff, Michael LaSpina's employer, of which Plaintiffs are participants and/or beneficiaries.

12. Upon information and belief, at all relevant times, Defendant Anthem Blue

Cross Life acted as the third-party administrator the Plan of which Plaintiffs are participants and/or beneficiaries.

13. Upon information and belief, at all relevant times, Defendant Anthem UM provided utilization review services for the Plan of which Plaintiffs are participants and/or beneficiaries.

14. Defendants are also fiduciaries as defined by 29 U.S.C. §1002(21)(A), as they were responsible for using their discretion to determine the eligibility of participants and/or beneficiaries under the Plan.

15. Plaintiffs have standing to bring these claims as Defendants have wrongfully refused to provide or allow coverage for A.L. for a scientifically validated and beneficial treatment known as Applied Behavioral Analysis ("ABA").

16. Defendants' refusal to provide or allow coverage for ABA treatment for A.L also constitutes a breach of its fiduciary duties.

### III. OVERVIEW OF AUTISM

17. Plaintiffs reallege the allegations contained in paragraphs 1 through 16 of the Complaint and incorporate them as if fully set forth herein.

18. Autism is a genetically-based, neuro-developmental disorder that requires diagnosis by certified clinicians.

19. Autism begins manifesting itself in a variety of ways during infancy or early childhood.

20. The medical community has recognized that autism is one of five pervasive developmental disorders.

21. Pervasive developmental disorders are a category of neurological disorders characterized by severe impairment in several areas of development. These disorders generally result in abnormal social interaction and communication, severely restricted interests, and highly repetitive behavior.

22. Autism is the most common of the pervasive development disorders.

23. Once diagnosed, autism requires a specific and individualized prescription for medical management to address the corresponding neurologic deficits that impact basic life and daily functioning skills, motor and social skills, development, safety, language, education, and quality of life as a whole.

24. Without proper treatment, individuals with autism often require long-term, expensive day and/or residential programs.

25. True to the disorder, A.L's autism manifests itself in numerous ways, some of which pose significant safety concerns. For example, A.L. exhibits toileting issues (including fecal play), wandering behavior and pica: a craving to eat non-food items.

## IV. OVERVIEW OF ABA TREATMENT

26. Plaintiffs reallege the allegations contained in paragraphs 1 through 25 of the Complaint and incorporate them as if fully set forth herein.

27. ABA is a scientifically valid and medically accepted treatment for autism.

28. ABA enables autistic people to learn and perform functions that they would not otherwise be able to accomplish.

29. ABA is an objective discipline, focusing on the reliable measurement and evaluation of observable behavior.

30. Among other things, ABA teaches social, motor, and verbal behaviors, as well as reasoning skills.

31. The positive benefits of ABA are less likely to accrue if the child does not receive early intervention.

32. ABA can address the medical issues stemming from A.L.'s autism such as the problems with eating, toileting, hygiene, and safety.

33. An Anthem Blue Cross spokesperson, Tony Phelps stated the company's support for coverage of ABA treatment: "Anthem supports efforts that would bring

additional clarity and consistency to help guide coverage decisions for those suffering from autism and related disorders.  In the interim, to reduce uncertainty for families trying to access behavioral and medical treatment for autism and related disorders, Anthem is putting into place procedures approved by the DMHC that would provide coverage in most situations for ABA services."

## V. <u>ALLEGATIONS COMMON TO ALL COUNTS</u>

34. Plaintiffs reallege the allegations contained in paragraphs 1 through 33 of the Complaint and incorporate them as if fully set forth herein.

35. On or about September 19, 2011 Defendant Anthem UM reviewed Plaintiffs' submission for coverage of ABA services.

36. On or about that same date, Defendant Anthem UM determined that the submission was ineligible for coverage and notified Plaintiffs of its denial of coverage.

37. Pursuant to several telephone conversations with Defendants' representatives, Plaintiffs, on or about October 10, 2011, submitted an appeal regarding the denial of coverage.

38. On or about November 12, 2011, Defendant Anthem Blue Cross Life informed Plaintiffs that it was investigating their grievance.

39. On or about November 29, 2011, Plaintiffs received correspondence from Defendant Anthem Blue Cross Life stating that it had completed its first level appeal review and coverage remained denied.

40. In the same November 29, 2011 correspondence Defendant Anthem Blue Cross Life stated that Plaintiffs' health insurance excluded "coverage for services that are educational in nature." "ABA services have been deemed to be educational in nature and are therefore excluded."

41. On or about December 20, 2011 Plaintiffs, through counsel, submitted a second level appeal regarding the denial of coverage.

42. Plaintiffs explained that ABA provides medically necessary treatment and is covered under the policy.

43. Plaintiffs also urged that Defendants review the settlement agreement in "the matter of the investigation and examination of : Anthem Blue Cross enforcement matter" which discussed Anthem Blue Cross's payment of ABA services.

44. On or about January 28, 2012, Plaintiffs received a letter stating that Defendant Anthem Blue Cross Life was "unable to change the previous coverage decision. Your request to pay for ABA treatment has been denied."

45. Defendant Anthem Blue Cross Life's January 28, 2012 correspondence once again stated that ABA services were educational in nature and therefore excluded.

46. Pursuant to additional conversations with Defendants telephone representatives, Plaintiffs, through counsel, submitted a request for external review on February 8, 2012.

47. On February 15, 2012 Defendant Anthem UM denied the request for external review stating that the "coverage decision was not based on medical judgment or rescission of coverage," thus external review was unavailable.

48. Plaintiffs have exhausted their administrative remedies of appeal.

## VI.    COUNT ONE - ACTION AGAINST DEFENDANTS UNDER 29 U.S.C. §1132(a)(1)(B) – FAILURE TO PAY COVERED HEALTHCARE BENEFITS

49. Plaintiffs reallege the allegations contained in paragraphs 1 through 48 of the Complaint and incorporate them as if fully set forth herein.

50. Plaintiffs have been continuously covered under the Plan which purports to provide coverage for medical expenses.

51. Plaintiffs are entitled to, and have always been entitled to, benefits upon supplying proof of claim incurred under the Plan.

52. Defendants have wrongfully denied Plaintiffs coverage for covered medical expenses, specifically, ABA services.

53. Defendants have wrongfully, and in bad faith, denied coverage by intentionally misconstruing the terms of the Plan.

54. Defendants have also failed to properly interpret their own Plan language and denied health care benefits, despite Plaintiffs' satisfaction of the Plans' requirements.

55. Defendants have also wrongfully, and in bad faith, denied coverage on the basis that ABA services are "educational" in nature, when Defendants have been presented with credible evidence to the contrary, and/or Defendants have never presented evidence as to why the services are "educational" in nature.

56. Defendants' denial of coverage on the basis that ABA services are educational in nature is in violation of the Plan and ERISA.

57. Defendants' denial of coverage on the basis that ABA services are not otherwise encompassed within the terms of the Plan is a violation of the Plan and ERISA.

58. Defendants' decision to deny benefits was incorrect and unreasonable.

59. Defendants' actions have caused harm to Plaintiffs by reducing the amount of benefits available under the plan.

60. Accordingly, Plaintiffs are entitled to immediate payment of past due benefits.

61. Plaintiffs are also entitled to the enforcement of their rights of coverage and/or payment of future benefits through the entry of an injunction.

### VII. COUNT TWO - ACTION AGAINST DEFENDANTS UNDER 29 U.S.C. §1132(a)(2) – BREACH OF FIDUCIARY DUTY

62. Plaintiffs reallege the allegations contained in paragraphs 1 through 61 of the Complaint and incorporate them as if fully set forth herein.

63. ERISA requires every employee benefit plan provide for one or more named

fiduciaries who will have "authority to control and manage the operations and administration of the plan" (29 U.S.C. §1102(a)(1)).

64. The employers of Plaintiff, Michael LaSpina, delegated their fiduciary responsibilities for claims' administration to Defendants.

65. At all relevant times, Defendants were fiduciaries within the scope of ERISA by virtue of their exercise of discretionary authority, control and responsibility over the design, implementation and administration of the Plan.

66. ERISA requires that Defendants discharge their fiduciary duties with respect to the Plan solely in the interest of the participants and beneficiaries and with utmost, undivided loyalty to the participants and/or beneficiaries' interests.

67. Defendants have breached their fiduciary duties by wrongfully denying coverage for ABA treatment, as well as by operating the Plan in a manner inconsistent with Plan and ERISA.

68. Defendants' actions have caused harm to Plaintiffs by reducing the amount of benefits available under the plan.

69. Accordingly, Plaintiffs are entitled to such equitable and remedial relief as this Court deems appropriate.

### VIII. COUNT THREE - ACTION AGAINST DEFENDANTS UNDER 29 U.S.C §1132(a)(3) – REQUEST FOR EQUITABLE RELIEF

70. Plaintiffs reallege the allegations contained in paragraphs 1 through 69 of the Complaint and incorporate them as if fully set forth herein.

71. Defendants' actions as set forth above are in violation of ERISA and the Plan.

72. By refusing to provide coverage for ABA services to Plaintiffs, Defendants continue to breach their fiduciary duty.

73. As a result of the breaches of fiduciary duty described above, Plaintiffs have

been harmed, continue to be harmed, and will be harmed in the future.

74. Accordingly, Plaintiffs are entitled to (1) an order enjoining Defendants from denying coverage for ABA treatment in violation of ERISA and the Plan and (2) other appropriate equitable relief necessary to redress Defendants' violations and to enforce ERISA and the Plan.

**WHEREFORE**, Plaintiffs request judgment in their favor against Defendants as follows:

A. Damages in an amount to be proven at trial, but no less the cost of the denied services, together with interest at the statutory rate of 10% per annum from the date of judgment until paid;

B. Declaratory and injunctive relief as to the enforcement of their rights to payment of future benefits and/or coverage for ABA services under the Plan;

C. For attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1) and any other statutory or common law authority;

D. For pre-judgment and post-judgment interest at the highest lawful rate and from the earliest lawful date until paid; and

E. Other relief, including exemplary damages, as the Court deems proper.

RESPECTFULLY SUBMITTED this April 3, 2012.

KIRSCH-GOODWIN & KIRSCH, PLLC

By /s/ ***Lori Kirsch-Goodwin***
Lori Kirsch-Goodwin
Courtney A. Fligeltaub
8900 E. Pinnacle Peak Road, Suite 250
Scottsdale, Arizona 85255
*Attorneys for Plaintiff*