**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael LaSpina and Christina LaSpina, on behalf of their minor child, A.L., <br><br>  Plaintiffs, <br><br> vs. <br><br> Anthem Blue Cross Life & Health Ins. Co.; Anthem UM Services, Inc., <br><br>  Defendants. | No. CV-12-0707-PHX-FJM <br><br> **ORDER** |

Plaintiffs Michael and Christina LaSpina filed this action under the Employee Retirement Income Security Act ("ERISA"), as a result of defendants' denial of benefits under their health insurance plan ("Plan") for autism treatment known as applied behavioral analysis ("ABA") for their minor child, A.L. Defendants denied coverage for ABA treatment based on their conclusion that the services were subject to the Plan exclusion for educational services. In their three-count amended complaint, plaintiffs assert a claim for payment of past and future medical benefits under 29 U.S.C. § 1132(a)(1)(B) (Count I); breach of fiduciary duty under § 1132(a)(2) (Count II); and injunctive relief under § 1132(a)(3) (Count III).

We have before us defendants' motion to dismiss Counts II and III (doc. 23), plaintiffs' response (doc. 25), and defendants' reply (doc. 26).

**Count II – 29 U.S.C. § 1132(a)(2)**

29 U.S.C. § 1132(a)(2) authorizes the Secretary, a participant, fiduciary, or beneficiary to bring a claim for breach of fiduciary duty against a plan fiduciary who has

1 violated 29 U.S.C. § 1109.  Plaintiffs allege that defendants breached their fiduciary duties 2 by wrongfully denying coverage for ABA treatment, operating the Plan in a manner 3 inconsistent with ERISA, and failing to act in the best interest of the Plan participants and 4 beneficiaries.  Amended Compl. ¶ 70.

5 In drafting § 1132(a)(2), Congress was "primarily concerned with the possible misuse 6 of plan assets, and with remedies that would protect the entire plan, rather than with the 7 rights of an individual beneficiary." Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 141, 8 105 S. Ct. 3085, 3090 (1985) (holding that recovery for a violation of 29 U.S.C. § 1109 9 "inures to the benefit of the plan as a whole").  Therefore, to state a claim under § 1132(a)(2), 10 a plaintiff must "allege that the fiduciary injured the benefit plan or otherwise jeopardized 11 the entire plan or put at risk plan assets." Wise v. Verizon Commc'ns Inc., 600 F.3d 1180, 12 1189 (9th Cir. 2010) (quotation omitted).  Section 1132(a)(2) does not provide a remedy "for 13 injuries suffered by individual participants." Id.

14 Plaintiffs' claim arises, not out of conduct that damaged the Plan as a whole, but out 15 of the denial of benefits to a particular claimant.  Their argument that defendants' denial of 16 A.L.'s benefits necessarily "implicate[s] a systematic method for how they administer all 17 claims for ABA" services," thereby injuring the Plan as a whole, was rejected by the Ninth 18 Circuit in Wise.  See id. (holding that there are "no factual allegations that the Plan 19 Administrators violated their duties with respect to anything other than Wise's individual 20 claim").  Similarly, here, plaintiffs have not alleged any facts tending to show that 21 defendants' actions injured the Plan as a whole, or otherwise compromised Plan assets. 22 Plaintiffs' conclusory assertion that the desired remedy would benefit the Plan as a whole is 23 undermined by the nature of the remedy sought–compensation to Plan participants for 24 improperly denied benefits. Because plaintiffs' remedy in Count II would inure to the benefit 25 of Plan participants rather than to the Plan itself, we conclude that plaintiffs have failed to 26 state a claim under § 1132(a)(2).  Therefore, Count II is dismissed.

27 **Count III – 29 U.S.C. § 1132(a)(3)**

28 Section 1132(a)(3) allows a participant, beneficiary, or fiduciary to bring a civil action

to (a) enjoin any act or practice which violates ERISA or terms of the plan, or (b) to obtain "other appropriate equitable relief." Section 1132(a)(3) is characterized as a "catchall" or "safety net" provision designed to "offer[] appropriate equitable relief for injuries caused by violations that [§1132] does not elsewhere adequately remedy." Wise, 600 F.3d at 1190 (quoting Varity Corp. v. Howe, 516 U.S. 489, 512, 116 S. Ct. 1065, 1078 (1996)). Therefore, relief afforded by § 1132(a)(3) is limited to those plan participants who are unable to avail themselves of remedies otherwise available under § 1132. Varity Corp., 516 U.S. at 512, 116 S. Ct. at 1978. When plaintiffs sue for the payment of benefits under § 1132(a)(1)(B) and also include a claim for relief under § 1132(a)(3), courts routinely dismiss the § 1132(a)(3) claim. See, e.g., Wise, 600 F.3d at 1190.

In Count III, plaintiffs allege that, by refusing to provide coverage for ABA treatment to A.L., defendants have failed to provide them with "full and fair review" of their claim. First, the allegation that defendants did not fully review the claim is contradicted by other allegations in the complaint. Amended Compl. ¶¶ 35-51 (describing defendants' review of plaintiffs' original claim, as well as their first and second level appeals). In addition, § 1132(a)(1)(B), which plaintiffs assert in Count I, authorizes a participant to sue "to enforce his rights under the terms of the plan." Therefore, relief under § 1132(a)(1)(B) includes an order requiring defendants to provide a "full and fair review" of plaintiffs' claim in accordance with the Plan terms. Because the relief plaintiffs seek in Count III—a reexamination of their claim denial—is duplicative of the relief sought in Count I, Count III is dismissed.

**Conclusion**

**IT IS ORDERED GRANTING** defendants' motion to dismiss Counts II and III of the first amended complaint (doc. 23).

DATED this 23rd day of August, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge